## Marzili v. Marzili

*Duffy, McTighe & McElhome*, for plaintiff.
*S. B. Cooper*, for Master.

KNIGHT, P. J., November 10, 1953.—In this contested divorce case the master held 10 hearings at which 528 pages of testimony were taken.

The master filed his report recommending that the complaint be dismissed and a divorce refused for lack of jurisdiction in this court because plaintiff had not been a bona fide resident for at least one year in this Commonwealth before filing his complaint.

Exceptions were filed by plaintiff, which were subsequently withdrawn.

The master has received the usual fee of $100 and now asks additional compensation in the sum of $400.

In fixing additional compensation for the master, two facts must be taken into consideration: (1) The amount of time, learning and labor expended by the master in the case; (2) the ability of the person called upon to pay to comply with the order.

As to factor number one, there is no doubt that the master has well earned the additional compensation he requests.

As to factor number two, the answer to the petition for additional compensation sets forth that while employed, plaintiff earned $3,092.40 per annum net, but since January 2, 1953, he has been in business for himself on a purely commission basis from which he has received to September 1, 1953, $2,864.42, from which must be deducted expenses of approximately $200 per month, or $1,600.

For our present purpose we must assume that these figures are true and correct.

Under these circumstances, we are all of the opinion that the additional compensation of the master should be $250.

And now, November 10, 1953, the rule to show cause why additional compensation should not be awarded the master is made absolute and the additional compensation is fixed at $250.